UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARCUS A. PRICE,

Plaintiff,

v.

VAVOOM MANN, et al.,

Defendants.

Case No. 24-cv-08592-JSW

**ORDER SCHEDULING SUMMARY JUDGMENT BRIEFING; DENYING PENDING MOTIONS**

Re: Dkt. Nos. 15, 17

Plaintiff, proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983 against employees at Napa State Hospital ("NSH"), where he has been involuntarily committed. The complaint, when liberally construed, was found to state a cognizable due process claim against Defendant Mann, who was thereafter served by the Marshal. Mann has filed a motion to dismiss on the grounds that the complaint seeks damages against him in his official capacity. His motion to dismiss was denied, and the Defendant as "AJ" was dismissed because Plaintiff did not provide their last names or show cause why not by the deadline to do so. Plaintiff was directed to notify the Court of his intent to prosecute, and he has done so.

Good cause appearing, the Court orders as follows:

1.      No later than **August 3, 2026,** Defendant shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendant is of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

United States District Court
Northern District of California

At the time the dispositive motion is served, Defendant shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **September 3, 2026**.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

Defendant shall file a reply brief no later than **September 17, 2026**.

The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

All communications by Plaintiff with the Court must be served on Defendant or their counsel once counsel has been designated, by mailing a true copy of the document to Defendant or their counsel.

2.	Plaintiff's motion to "identify" the last name of the dismissed Defendant is DENIED.  The Court does not have this information.  Plaintiff may conduct discovery on parties and non-parties as provided in the Federal Rules of Civil Procedure.  His request for an extension of time to submit this information to the court is denied because it comes many months after the deadline passed without justification for this delay.

3.	Plaintiff's motion for a settlement payment is DENIED because there is no evidence the parties have reached a settlement agreement.

This order resolves docket numbers 15 and 17.

**IT IS SO ORDERED.**

Dated: June 5, 2026

_____
JEFFREY S. WHITE
United States District Judge

2